# MARGARET M. SHALLEY, ESQ.

MARGARET M. SHALLEY & ASSOCIATES, LLC
225 Broadway, Suite 715
New York, NY 10007
917-841-0231 (Phone)
212-566-8165 (Fax)
margaretshalley@aol.com

April 11, 2024

**VIA ECF & EMAIL**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Application granted.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
April 11, 2024

Re:   *U.S. v. Ekin Erkan*
      **19 Cr. 179 (RA)**

Dear Judge Abrams:

I represent Ekin Erkan in the above-referenced matter.  On October 12, 2022, Mr. Erkan was sentenced by the Court to time served with 3 years of supervised release.   As of the date of this letter, Mr. Erkan has completed approximately 18 months of his supervised release.  Counsel respectfully submits this letter to request that the Court terminate Mr. Erkan's remaining term of supervised release. He has been in full compliance with the requirements of his supervision and has gone above and beyond what has been required in order to better himself for his future.  The Probation Department consents to this request and the Government defers to Probation.

Title 18 U.S.C. § 3583(e) provides that a Court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant ...—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997).

Courts in both the Southern and Eastern Districts of New York have found early termination of a defendant's supervised release warranted where a defendant has exhibited post-sentencing rehabilitative efforts and admirable conduct while on supervised release.  *United States v. Wood*, 2009 WL 3259422 (E.D.N.Y. Oct. 8, 2009); *United States v. Rentas*, 573 F.Supp.2d 801 (S.D.N.Y. Aug. 25, 2008) (defendant convicted of conspiracy to distribute one kilogram or more

1

of heroin was entitled to termination of his supervised release after he served approximately three years and four months of a five-year term, where defendant had been steadily employed since his release from prison, he was married, his spouse was also steadily employed, defendant had not tested positive for drug use since his release, and defendant's probation officer stated that defendant had complied with all directives, and had had no arrests or run-ins with law enforcement during his supervised release term).

In this case, Mr. Erkan has abided by the terms of his supervised release and has worked hard to better himself.  Over the last year, Mr. Erkan began a doctoral program in philosophy at Fordham University and has completed his first semester.  He also began working as an art history researcher at Galerie Gmurzynska, an Upper East Side gallery specializing in 20th century European art movements.  Through his position at the gallery, Mr. Erkan has published several exhibition catalogues and contributed scholarly essays on the Pop Artist Majorite Strider and the Surrealist Roberto Matta.  He has also been given the position of board member at the International Association of Art Critics - AICA - USA, by Norman Kleeblatt, emeritus curator at the Jewish Museum.  Additionally, he works as an art critic for the Brooklyn Rail and Sculpture Magazine and has published articles relating to art history and philosophy.

Mr. Erkan has also published peer-reviewed articles in journals such as Philosophia and the Oxford Art Journal.  He has been accepted into a highly prized international Kant conference, including a 2023 Kant conference at Lisbon concerning Kant's philosophy of art and aesthetics which he hopes to participate in if this request is granted.  Mr. Erkan's scholarly work requires him to travel to national and international conferences.  His ability to attend these conferences and to expand his academic horizons are limited by his supervised release.

Most importantly, Mr. Erkan has maintained his sobriety throughout the past year of his supervised release and has continued working on his close relationship with his family.  As a result of Mr. Erkan's compliance with the terms of his supervised release as well as his motivation to better himself and expand his educational opportunities, it is respectfully requested that the Court terminate Mr. Erkan's remaining term of supervised release.  The Court's time and consideration of this matter are greatly appreciated.

Respectfully submitted,

/s/

Margaret M. Shalley

cc:     AUSA Kyle Wirshba
        USPO Thomas Ragogna
        *Via email*